IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL -5 PM 2: 06

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

WILLIAM LYNN JOHNSON, SR.,

      Plaintiff,

vs.

MARK LUTTRELL, et al.,

      Defendants.

No. 04-2933-D/An

---

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
AND
ORDER TO FILE AMENDED COMPLAINT IN AFFIDAVIT FORM

---

Plaintiff William Lynn Johnson, Sr., booking number 04107647, an inmate at the Shelby County Criminal Justice Complex (Jail)[1], has filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. Plaintiff sues Shelby County Sheriff Mark Luttrell, Counselor Burns, unknown National Association of the Advancement of Colored People (NAACP) representatives, and unknown Shelby County Election Commission representatives.

It is well settled that a complaint naming fictitious parties as defendants is not adequate to commence an action unless a subsequent amendment identifying the defendants is filed in compliance with the relation-back requirements of Fed. R. Civ. P. 15(c). See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996);

---

[1]    The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

<u>Bufalino v. Michigan Bell Tel. Co.</u>, 404 F.2d 1023, 1028 (6th Cir. 1968).  Accordingly, the Court construes the complaint as naming only Mark Luttrell and Counselor Burns as the defendants.

The Clerk is directed to record the defendants as Mark Luttrell and Counselor Burns and delete any reference to NAACP representatives and Election Commission representatives from the docket.  The Clerk shall not issue process or serve any papers until further order of the Court.

Although the complaint lists only William Lynn Johnson, Sr. as plaintiff, his allegations are on behalf of "All Others Similarly Situated" at the Jail.  No other prisoner signed the complaint or submitted affidavits to proceed <u>in forma pauperis</u>.  Fed. Rule Civ. P. 11 requires that every pleading be signed by an attorney, or if the party is not represented by an attorney, be signed by the party.  Accordingly, as Johnson, Sr. is the only plaintiff to comply with Rule 11, he is the only plaintiff in this case.

Insofar as Johnson, Sr. is attempting to seek class certification under Fed. R. Civ. P. 23(a)(4), he is not entitled to file this case on behalf of any other inmate.  <u>Pro se</u> prisoners are not adequate class representatives able fairly to represent the claims of the class.  <u>Inmates, Washington County Jail v. England</u>, 516 F. Supp. 132 (E.D. Tenn. 1980), <u>aff'd</u>, 659 F.2d 1081 (6th Cir. 1981).  Neither does plaintiff have a cause of action under § 1983 against any defendant based on his witnessing alleged violations of the constitutional rights of other inmates.  <u>Coon v. Ledbetter</u>, 780 F.2d 1158, 1160-61 (5th Cir. 1986); <u>Rogers v. Gilless</u>, No.

2

95-2220-Ml/Bre (W.D. Tenn. Apr. 28, 1995) (following Coon in dismissing claims by jail detainee as frivolous). Cf. Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984)(holding § 1983 cause of action is personal to the injured party); Krum v. Sheppard, 255 F. Supp. 994, 997 (W.D. Mich. 1966)(holding only an injured party has standing to sue). Johnson, Sr. thus cannot assert any violations of other inmates' rights.

Furthermore, the attempted class action interferes with the Court's duty to apply § 1997e(a) as a threshold matter to this case. The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

To the extent the complaint may be construed as containing a motion for class certification, the motion is DENIED. Any other inmate seeking to file a complaint must do so independently after exhausting administrative remedies on the claim he wishes to raise.

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial

filing fee and pay the remainder in installments. Plaintiff has incurred the $150 filing fee by filing this complaint.[2] Additionally, the PLRA enacted 28 U.S.C. § 1915(g) to limit prisoners to filing three (3) cases that are dismissed as frivolous.  In the event a plaintiff receives three or more "strikes," he may not file further lawsuits in forma pauperis, unless he is under imminent danger of serious physical injury and otherwise complies with the  order restricting his filing privileges.

The Court's staff attorney recently sent Johnson, Sr. a copy of the order of dismissal in Johnson v. Hawk, et al., No. 96-2568-G/A (W.D. Tenn.), which restricted the filing privileges of "William Lynn Johnson," who in 1996 was a federal prisoner, but had also been previously incarcerated as a Tennessee state prisoner. By November of 1996, William Johnson had filed 29 lawsuits in the Western District of Tennessee.[3]  This complaint does not list any

---

[2]       Plaintiff filed this complaint on November 16, 2004.  Effective February 7, 2005, the civil filing fee was increased to $250.  Because this action was filed prior to that date, the plaintiff is only liable for the $150 filing fee.

[3]       Johnson v. Luttrell, No. 96-3194-G/V (W.D. Tenn. Feb. 2, 1998)(dismissing Bivens claims sua sponte as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and entering judgment for defendants after non-jury trial on claim under Federal Tort Claims Act);
          Johnson v. Hawk, No. 96-2568-G/A (W.D. Tenn. Nov. 18, 1996)(refusing permission to file in forma pauperis under 28 U.S.C. § 1915(g) and dismissing as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i));
          Johnson v. Hurst, No. 93-2122-Ml/A (W.D. Tenn. Feb. 11, 1993)(dismissing as frivolous under 28 U.S.C. § 1915(d));
          Johnson v. Barr, No. 92-2978-4/A (W.D. Tenn. Dec. 2, 1992)(dismissing as frivolous under 28 U.S.C. § 1915(d));
          Johnson v. Gilliam, No. 91-2382-H/B (W.D. Tenn. July 3, 1991)(granting defendants' motion to dismiss or for summary judgment on Bivens claim);
          Johnson v. Gilliam, No. 91-2111-G/A (W.D. Tenn. Oct. 21, 1991)(granting defendants' motion for summary judgment on Bivens claim);

prior litigation in this district court.  Plaintiff checked "No" in

---

Johnson v. Ballin, No. 90-2302-Tu/B (W.D. Tenn. Mar. 19, 1991)(granting motion to dismiss by private attorney sued under section 1983);
Johnson v. Owens, No. 89-2622-G/B (W.D. Tenn. Oct. 10, 1989)(sua sponte dismissal of section 1983 action seeking relief only available under section 2255);
Johnson v. Lebcanc, No. 89-2589-G/A (W.D. Tenn. Oct. 4, 1989)(dismissal of a section 1983 action against the investigators and witnesses in federal criminal prosecution, case number 89-20059-H);
Johnson v. Crabtree, No. 86-2587-H (W.D. Tenn. April 21, 1987)(sua sponte grant of summary judgment to defendants for failure to state a claim);
Johnson v. Chandler, No. 86-2535-G/B (W.D. Tenn. July 17, 1986)(sua sponte dismissal as frivolous under section 1915(d));
Johnson v. MacDonald, No. 85-3049-H/A (W.D. Tenn. Mar. 21, 1986)(granting defendant's motion for summary judgment);
Johnson v. Dutton, No. 84-2776-H/B (W.D. Tenn. June 13, 1986)(granting petition for writ of habeas corpus in state murder conviction);
Johnson v. Dutton, No. 84-2295-M/A (W.D. Tenn. Aug. 20, 1984)(dismissing petition for writ of habeas corpus);
Johnson v. Barksdale, No. 82-2533-H (W.D. Tenn. Nov. 24, 1982)(denying petition for writ of habeas corpus);
Johnson v. Barksdale, No. 82-2514-W (W.D. Tenn. May 28, 1985)(dismissing section 1983 case as barred by res judicata);
Johnson v. Barksdale, No. 82-2498-H (W.D. Tenn. July 23, 1982)(sua sponte dismissing section 1983 case);
Johnson v. Barksdale, No. 82-2407-M (W.D. Tenn. Aug. 15, 1985)(granting plaintiff's motion for injunction regarding telephone use in county jail);
Johnson v. Barksdale, No. 82-2256 (W.D. Tenn. Nov. 19, 1984)(dismissing section 1983 property deprivation case);
Johnson v. Barksdale, No. 81-2961-W (W.D. Tenn. Jan. 28, 1985)(finding for defendants after non-jury trial on section 1983 medical treatment claims);
Johnson v. Barksdale, No. 81-2725-M (W.D. Tenn. Aug. 23, 1982)(dismissing section 1983 claims of retaliation for writ-writing activities);
Johnson v. Barksdale, No. 81-2311-M (W.D. Tenn. Mar. 26, 1982)(dismissing after entry of consent decree settling section 1983 case);
Johnson v. Barksdale, No. 81-2202-M (W.D. Tenn. Aug. 15, 1985)(entry of judgment awarding plaintiff damages);
Johnson v. Barksdale, No. 81-2187-H (W.D. Tenn. Mar. 30, 1981)(granting plaintiff's motion for voluntary dismissal);
Johnson v. Barksdale, No. 81-2023-Ml (W.D. Tenn. Aug. 27, 1992)(dismissing section 1983 claims and entering judgment for defendants after non-jury trial);
Johnson v. Baucum, No. 80-2407-W (W.D. Tenn. Oct. 21, 1980)(dismissing section 1983 action);
Johnson v. Privett, No. 80-2048-W (W.D. Tenn. Jan. 18, 1980)(dismissing frivolous section 1983 action against private attorney previously sued in case number 80-2020-W);
Johnson v. Weinman, No. 80-2020-W (W.D. Tenn. Jan. 18, 1980)(dismissing frivolous section 1983 action against state judge and private attorney);
Johnson v. Maples, No. 79-2787-M (W.D. Tenn. Jan. 19, 1982)(dismissing section 1983 action as barred by statute of limitations).

response to the question, "[h]ave you begun other lawsuits in state or federal court dealing with the same facts involved in this action **or otherwise relating to your imprisonment**?"  In response to the request for information on other lawsuits, Johnson wrote "N/A." The Court, therefore, requires additional information before determining if William Lynn Johnson, Sr. is entitled to pay his filing fee in installments.

Accordingly, the plaintiff is directed to file an amended complaint within twenty (20) days of the entry of this order, submitted in affidavit form, prepared by attaching the attestation required by 28 U.S.C. § 1746, stating the following information under penalty of perjury:

1. his date of birth;
2. all previous convictions;
3. all identifying prisoner numbers which have been assigned to him, including but not limited to the identification number for the Tennessee Offender Management System, his State identification number, and his Bureau of Prisons registration number; and
4. all previous lawsuits regarding Jail and prison conditions to which he was a party.

The Court will revisit the issue of plaintiff's right to proceed in forma pauperis and entitlement to pay the $150 filing fee in installments after its receipt and review of the amended complaint.  Failure to timely file the amended complaint or otherwise comply with this order will result in the complaint being dismissed.

IT IS SO ORDERED this 30th day of June, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02933 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

William Lynn Johnson
SHELBY COUNTY JAIL
04107647
201 Poplar Ave.
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT