IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 11  PM 4: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| WILLIAM LYNN JOHNSON, SR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2933-D/An |
| MARK LUTTRELL, et al., | X | |
| Defendants. | X | |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ASSESSING APPELLATE FILING FEE
AND
ORDER REAFFIRMING PREVIOUS SANCTIONS

On November 16, 2004, plaintiff William Lynn Johnson, Sr., booking number 04107647, an inmate at the Shelby County Criminal Justice Complex (Jail)[1], filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. Johnson sued Shelby County Sheriff Mark Luttrell, Counselor Burns, unknown National Association of the Advancement of Colored People (NAACP) representatives, and unknown Shelby County Election Commission representatives.

By order entered July 5, 2005, the Court dismissed plaintiff's claims against John Doe defendants and denied his motion for class certification. The Court denied Johnson's motion to proceed in

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.



forma pauperis and directed Johnson to amend his complaint to file an amended complaint within twenty (20) days of the entry of this order, submitted in affidavit form, prepared by attaching the attestation required by 28 U.S.C. § 1746, stating the following information under penalty of perjury:

1. his date of birth;
2. all previous convictions;
3. all identifying prisoner numbers which have been assigned to him, including but not limited to the identification number for the Tennessee Offender Management System, his State identification number, and his Bureau of Prisons registration number; and
4. all previous lawsuits regarding Jail and prison conditions to which he was a party.

Johnson filed his amended complaint in affidavit form on July 21, 2005. Johnson has now verified that he is "William Lynn Johnson," previously incarcerated as both a federal and as a Tennessee state prisoner, who by November of 1996 had accumulated a total of 29 lawsuits in the Western District of Tennessee.[2]

---

[2] Johnson v. Luttrell, No. 96-3194-G/V (W.D. Tenn. Feb. 2, 1998)(dismissing Bivens claims sua sponte as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and entering judgment for defendants after non-jury trial on claim under Federal Tort Claims Act);
Johnson v. Hawk, No. 96-2568-G/A (W.D. Tenn. Nov. 18, 1996)(refusing permission to file in forma pauperis under 28 U.S.C. § 1915(g) and dismissing as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i));
Johnson v. Hurst, No. 93-2122-Ml/A (W.D. Tenn. Feb. 11, 1993)(dismissing as frivolous under 28 U.S.C. § 1915(d));
Johnson v. Barr, No. 92-2978-4/A (W.D. Tenn. Dec. 2, 1992)(dismissing as frivolous under 28 U.S.C. § 1915(d));
Johnson v. Gilliam, No. 91-2382-H/B (W.D. Tenn. July 3, 1991)(granting defendants' motion to dismiss or for summary judgment on Bivens claim);
Johnson v. Gilliam, No. 91-2111-G/A (W.D. Tenn. Oct. 21, 1991)(granting defendants' motion for summary judgment on Bivens claim);
Johnson v. Ballin, No. 90-2302-Tu/B (W.D. Tenn. Mar. 19, 1991)(granting motion to dismiss by private attorney sued under section 1983);
Johnson v. Owens, No. 89-2622-G/B (W.D. Tenn. Oct. 10, 1989)(sua

---

sponte dismissal of section 1983 action seeking relief only available under section 2255);

Johnson v. Lebcanc, No. 89-2589-G/A (W.D. Tenn. Oct. 4, 1989)(dismissal of a section 1983 action against the investigators and witnesses in federal criminal prosecution, case number 89-20059-H);

Johnson v. Crabtree, No. 86-2587-H (W.D. Tenn. April 21, 1987)(sua sponte grant of summary judgment to defendants for failure to state a claim);

Johnson v. Chandler, No. 86-2535-G/B (W.D. Tenn. July 17, 1986)(sua sponte dismissal as frivolous under section 1915(d));

Johnson v. MacDonald, No. 85-3049-H/A (W.D. Tenn. Mar. 21, 1986)(granting defendant's motion for summary judgment);

Johnson v. Dutton, No. 84-2776-H/B (W.D. Tenn. June 13, 1986)(granting petition for writ of habeas corpus in state murder conviction);

Johnson v. Dutton, No. 84-2295-M/A (W.D. Tenn. Aug. 20, 1984)(dismissing petition for writ of habeas corpus);

Johnson v. Barksdale, No. 82-2533-H (W.D. Tenn. Nov. 24, 1982)(denying petition for writ of habeas corpus);

Johnson v. Barksdale, No. 82-2514-W (W.D. Tenn. May 28, 1985)(dismissing section 1983 case as barred by res judicata);

Johnson v. Barksdale, No. 82-2498-H (W.D. Tenn. July 23, 1982)(sua sponte dismissing section 1983 case);

Johnson v. Barksdale, No. 82-2407-M (W.D. Tenn. Aug. 15, 1985)(granting plaintiff's motion for injunction regarding telephone use in county jail);

Johnson v. Barksdale, No. 82-2256 (W.D. Tenn. Nov. 19, 1984)(dismissing section 1983 property deprivation case);

Johnson v. Barksdale, No. 81-2961-W (W.D. Tenn. Jan. 28, 1985)(finding for defendants after non-jury trial on section 1983 medical treatment claims);

Johnson v. Barksdale, No. 81-2725-M (W.D. Tenn. Aug. 23, 1982)(dismissing section 1983 claims of retaliation for writ-writing activities);

Johnson v. Barksdale, No. 81-2311-M (W.D. Tenn. Mar. 26, 1982)(dismissing after entry of consent decree settling section 1983 case);

Johnson v. Barksdale, No. 81-2202-M (W.D. Tenn. Aug. 15, 1985)(entry of judgment awarding plaintiff damages);

Johnson v. Barksdale, No. 81-2187-H (W.D. Tenn. Mar. 30, 1981)(granting plaintiff's motion for voluntary dismissal);

Johnson v. Barksdale, No. 81-2023-Ml (W.D. Tenn. Aug. 27, 1992)(dismissing section 1983 claims and entering judgment for defendants after non-jury trial);

Johnson v. Baucum, No. 80-2407-W (W.D. Tenn. Oct. 21, 1980)(dismissing section 1983 action);

Johnson v. Privett, No. 80-2048-W (W.D. Tenn. Jan. 18, 1980)(dismissing frivolous section 1983 action against private attorney previously sued in case number 80-2020-W);

Johnson v. Weinman, No. 80-2020-W (W.D. Tenn. Jan. 18, 1980)(dismissing frivolous section 1983 action against state judge and private attorney);

Johnson v. Maples, No. 79-2787-M (W.D. Tenn. Jan. 19,

3

In <u>Johnson v. Hawk, et al.</u>, No. 96-2568-G/A (W.D. Tenn. Nov. 18, 1996), the Court notified Johnson that he was no longer eligible to file <u>in forma pauperis</u> actions and placed further restrictions on his filing privileges. The Court's order prohibited Johnson from filing further <u>in forma pauperis</u> actions in this district without leave of court and directed the Clerk "not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district." The order also admonished Johnson that in the event he failed to abide by that order's restrictions, "the Court will then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account."

Johnson attempted to circumvent the restrictions on his filing privileges by checking "No" in response to the question, "[h]ave you begun other lawsuits in state or federal court dealing with the same facts involved in this action **or otherwise relating to your imprisonment**?" In response to the request for information on other lawsuits, Johnson wrote "N/A." Johnson's misrepresentation of his litigation history resulted in the Clerk inadvertently accepting this action for filing and assigning it a docket number without an order from a district judge or magistrate judge of this district.

In accordance with the order entered November 18, 1996, unless

---

1982)(dismissing section 1983 action as barred by statute of limitations).

4

Johnson can demonstrate that he is now under imminent danger of serious physical injury, he cannot proceed under § 1915(b).[3]

Johnson alleges that he was deprived of his right to vote by absentee ballot during his incarceration at the Jail. He alleges that he wrote defendant Luttrell on July 23, 2004, and subsequently, Luttrell and Counselor Mickens came to his pod to obtain his signature on an absentee application ballot list. Johnson alleges that on the day absentee ballot applications were distributed by Counselor Burns, he was in Shelby County Criminal Court. Although Counselor Burns advised another inmate that she would return with Johnson's application, she did not do so until one or two days before the deadline.

Johnson alleges that he made repeated requests to his pod officer, Counselor Mickens and Officer Snowden to contact Counselor Burns about his application. Another inmate was taken to a designated area to vote by absentee ballot on October 26, 2004, however plaintiff was advised to contact the Shelby County Election Commission. Johnson also alleges that he did not file a grievance on this matter because this problem was "not a jail complaint issue."

---

[3] The threshold requirement for a prisoner seeking to demonstrate that he is exempt from § 1915(g) restrictions is an allegation of "imminent danger of serious physical harm." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997). See Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997); Adepegba, 103 F.3d 383, 385 (5th Cir. 1996); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). The Court will focus on the imminence of the danger "at the time of the alleged incident, and not at the time the complaint was filed." Gibbs, 116 F.3d at 83.

Plaintiff's allegations clearly fail to demonstrate that he is presently at risk or "in imminent danger of serious physical injury (describing in detail the nature of the danger, why it is imminent, and the nature of the serious physical injury)." Accordingly the motion to proceed in forma pauperis is DENIED.

However, the Court declines to dismiss the case with prejudice under 28 U.S.C. § 1915(g). If Johnson had prepaid the full filing fee despite the lack of allegations of serious injury, this complaint would still be dismissed under 42 U.S.C. § 1997e(a), as he brings this prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, id.; Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In order to comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint is fully within the scope of § 1997e. Plaintiff's inability to obtain an application for an absentee ballot in a timely manner is a "prison conditions claim." Although Johnson states that he "made repeated requests to Pod Officer Ms. Long, Counselor Mickens, and Officer Ms. Snowden to contact Defendant Burns for the absentee ballot application from September 22, 2004 thru the one or two day deadline date," he chose not to utilize the available Jail grievance procedure.

Plaintiff's allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(e).[4] The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of

---

[4] An inmate can exhaust administrative remedies in two ways. He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency. Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.

7

administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." <u>Baxter</u>, 305 F.3d at 489. As plaintiff has not demonstrated that he exhausted his administrative remedies, the Court dismisses this complaint without prejudice under 42 U.S.C. § 1997e(a). Plaintiff is, however, liable to the Court for the full $150.00 filing fee.[5]

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith. Under 28 U.S.C. § 1915(b), a prisoner plaintiff must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[6] <u>In forma pauperis</u> status merely grants him the right to pay the fee in installments.

---

[5] This obligation to pay the entire filing fee accrued at the moment plaintiff filed the complaint with the Court, which, in this case, was the moment he deposited his complaint in the prison mail system. Plaintiff cannot avoid this obligation because the case is dismissed as frivolous. Furthermore, this fee shall be assessed against plaintiff's account at the prison without regard to other obligations whenever there is any money in his account. Plaintiff filed this complaint on November 16, 2004. Effective February 7, 2005, the civil filing fee was increased to $250. Because this action was filed prior to that date, the plaintiff is only liable for the $150 filing fee.

[6] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal, or of a writ of certiorari, $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

8

In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the United States Court of Appeals for the Sixth Circuit construed § 1915(b) as requiring a prisoner to pay the entire appellate filing fee in installments even if the trial court certifies that the appeal is not taken in good faith. McGore, however, did not address appeals by prisoners who are barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g).[7] That section nullifies the installment-payment privileges created by § 1915(b).

As required by McGore, the Court considers whether this appeal may be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs, an appellate court must dismiss a complaint if a prisoner has failed to comply with 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

---

[7] See supra note 2.

This is the thirtieth dismissal of one of plaintiff's cases; more than half of those cases were summarily dismissed as frivolous cases or failure to state a claim. Twenty-eight U.S.C. § 1915(g) bars Johnson from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if plaintiff files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $255 from his prison trust fund account whenever funds are in the account, without regard to the installment payment provisions of § 1915(b). Furthermore, if plaintiff files a notice of appeal, he must pay the entire fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

Finally, regarding the imposition of sanctions, the Court reaffirms the previous sanctions orders entered in Johnson v. Hawk, No. 96-2568-G/A (W.D. Tenn. 1996). The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district. Compliance with that order is a condition to filing any case in this Court. Plaintiff is again ADMONISHED that a monetary fine **will** be imposed if plaintiff files further documents without leave of court and

10

which are not in compliance with the Court's order. Furthermore, any case submitted by this plaintiff to any other court that is thereafter transferred or removed to this district court will result in the same sanctions.

Plaintiff is ORDERED not to file any further documents in this actions except a notice of appeal. The Clerk shall not accept any other documents for filing in this action. Any other documents submitted by plaintiff shall be returned to him by the Clerk.

IT IS SO ORDERED this 11th day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:04-CV-02933 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

William Lynn Johnson
SHELBY COUNTY JAIL
04107647
201 Poplar Ave.
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT